B. Douglas Robbins (219413)
Leyla M. Pasic (250705)
WOOD ROBBINS, LLP
One Post St., Suite 800
San Francisco, California 94104
T: (415) 247-7900; F: (415) 247-7901
drobbins@woodrobbins.com
lpasic@woodrobbins.com

Attorneys for Plaintiffs
HYPERBARIC MEDICAL SERVICES LLC and
22 BATTERY STREET INC.

THE UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE MW LOGIC, INC., a California corporation,<br><br>　　　　Debtor. | Case No.: 18-40408 (CN)<br>Adv. Proc. No.:<br>Chapter 7 |
| HYPERBARIC MEDICAL SERVICES LLC, a California company; 22 BATTERY STREET, INC., a California Corporation,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>MW LOGIC, INC., a California corporation,<br><br>　　　　Defendant. | **COMPLAINT TO DETERMINE DISCHARGEABILITY** |

Plaintiff HYPERBARIC MEDICAL SERVICES LLC ("Hyperbaric Medical"), and Plaintiff 22 BATTERY STREET INC. ("22 Battery") allege as follows.

**THE PARTIES**

1. Plaintiff, Hyperbaric Medical is a limited liability company organized and existing under the laws of the State of California. Its principal place of business is at 2105 O'Farrell St., San Francisco, California (the "Property"). It has a lease with co-Plaintiff 22 Battery Street, Inc. to rent office space at the Property.

2. Plaintiff 22 Battery, is a corporation organized and existing under the laws of the state of California with its principal place of business at 98 Battery Street, Suite 600, San Francisco, CA 94111. 22 Battery owns the Property and has a lease with Hyperbaric Medical for the use of office space at the Property.

3. Debtor MW Logic Inc. ("MW Logic") is a corporation organized and existing under the laws of the state of California. MW Logic maintains its principal place of business at 1057 MacArthur Blvd. #203, in San Leandro, CA 94577. MW Logic is authorized to do business in California as a licensed contractor, and was the Prime Contractor for the Project at issue in this action.

4. Non-party Mark Murillo ("Murillo") is a licensed general contractor. He held a license with the Contractor State License Board ("CSLB"), number 915290, associated with MW Logic. That license has been suspended. Currently Murillo has taken a new license with the CSLB, number 1030014, associated with a dba Moderne Builder.

**JURISDICTION**

5. This Court has jurisdiction over the subject matter of this adversary proceeding pursuant to the provisions of 28 U.S.C. §1334 and the reference order of the United States District Court for the Central District of California. *See also* 11 U.S.C. §§ 727, 523 & 365.

6. This is an adversary proceeding contemplated by the Federal Rules. *See* Fed. R. Bankr. P. 7001(1).

7.      This adversary proceeding relates to the Chapter 7 case of In Re MW Logic, Inc., Case No. 18-40408 (CN), now pending in the United States Bankruptcy Court for the Northern District of California. For that reason, venue herein is proper pursuant to the provisions of 28 U.S.C. § 1409.

## GENERAL ALLEGATIONS

8.      With the permission of Plaintiff 22 Battery, Debtor MW Logic, Inc. and its principal non-debtor Murillo contracted with Hyperbaric Medical for the construction of a concrete pad and fence (the "Project") at the Property. A true and correct copy of the Parties' Standard Form of Agreement Between Owner and Contractor for a project of Limited Scope, of May 1, 2017 ("Agreement") is attached hereto as Exhibit 1.

9.      MW Logic subcontracted with California United Mechanical, Inc. ("United Mechanical") among others, in order to complete the Project.

10.     Hyperbaric Medical paid MW Logic in full for the Project. But MW Logic failed to pay any of the subcontractors including United Mechanical.

## FACTS OF PARALLEL PROCEEDINGS

11.     Multiple subcontractors have taken out mechanics liens at the Property due to MW Logic's failure to pay them for work they performed at the Property. As of the filing of the Instant Complaint, United Mechanical has filed an action in state court against Hyperbaric Medical, 22 Battery, and others. A true and correct copy of that state action is attached hereto as Exhibit 2.

## FIRST CLAIM
### NON-DISCHARGEABILITY DUE TO DUE TO FALSE REPRESENTATION

12.     Hyperbaric Medical, and 22 Battery adopt, incorporate by reference, and allege herein all of the allegations set forth in paragraph 1 through 11, inclusive, as if set forth individually in this First Claim for Relief.

13. The United States Code provides that a debtor may not discharge a debt "for . . . services . . . to the extent obtained by . . . false pretenses, a false representation, or actual fraud." 11 U.S.C. § 523(a)(2).

14. Here MW Logic and its principal Mr. Murillo entered into an agreement with Hyperbaric Medical, promising, among other things, to pay its subcontractors for all work performed on the Project. MW Logic and its principal Mr. Murillo also promised to indemnify and hold Hyperbaric Medical harmless for all actions brought by third parties against Hyperbaric Medical or 22 Battery related to the Project. These promises seemed reasonable and believable and a reasonable person would, at the time believe these promises were reasonable and believable. But these promises were false when made and have turned out to be part of a fraud.

15. Hyperbaric Medical was induced to enter into the Agreement with MW Logic due to these false promises. But for these (false) promises, Hyperbaric Medical would not have entered into the Agreement.

16. As a consequence, Hyperbaric Medical and its landlord 22 Battery have been harmed by the false statements made by MW Logic. Among the injuries suffered by Hyperbaric Medical and 22 Battery are: (1) the mechanics liens which have been recorded against the Property, by various subcontractors who have been stiffed by MW Logic; (2) damages that may be incurred in settling or paying a judgment to non-party United Mechanical in the state action; (3) attorneys fees and costs incurred by Hyperbaric Medical and 22 Battery related to bonding out the mechanics liens, defending the United Mechanical state action, and prosecuting the Instant Complaint.

## SECOND CLAIM
### NON-DISCHARGEABILITY DUE TO FRAUD AS FIDUCIARY

17. Hyperbaric Medical, and 22 Battery adopt, incorporate by reference, and allege herein all of the allegations set forth in paragraph 1 through 16, inclusive, as if set forth individually in this Second Claim for Relief.

18. The United States Code provides that a debtor may not discharge a debt "for fraud or defalcation while acting in a fiduciary capacity." 11 U.S.C. § 523(a)(4).

19. Here MW Logic and its principal Mr. Murillo entered into an agreement with Hyperbaric Medical, promising, among other things, to pay its subcontractors for all work performed on the Project. As a licensed contractor and agent, MW Logic and its principal Mr. Murillo owes his client Hyperbaric Medical a fiduciary duty.

20. MW Logic and its principal breached that fiduciary duty by violating the Agreement, and in contravention to representations to the contrary, failed to pay subcontractors for work performed on the Project.

21. As a consequence, Hyperbaric Medical and its landlord 22 Battery have been harmed by the breach of fiduciary duty. Among the injuries suffered by Hyperbaric Medical and 22 Battery are: (1) the mechanics liens which have been recorded against the Property, by various subcontractors who have been stiffed by MW Logic; (2) damages that may be incurred in settling or paying a judgment to non-party United Mechanical in the state action; (3) attorneys fees and costs incurred by Hyperbaric Medical and 22 Battery related to bonding out the mechanics liens, defending the United Mechanical state action, and prosecuting the Instant Complaint.

### THIRD CLAIM
### NON-DISCHARGEABLE DEBT OWED DUE TO WILLFUL MALICE

22. Hyperbaric Medical, and 22 Battery adopt, incorporate by reference, and allege herein all of the allegations set forth in paragraph 1 through 21, inclusive, as if set forth individually in this Second Claim for Relief.

23. The United States Code provides that a debtor may not discharge a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6).

24. Here the harms discussed above in the context of false representation, fraud and breach of fiduciary duty set out and discussed above in the FIRST CLAIM and the SECOND CLAIM, incorporated by reference and alleged herein, meet the elements of this section 523

exemption insofar as they were based, in part, on a willful and malicious injury caused by MW Logic and its principal Mr. Murillo to the Property.

## PRAYER FOR RELIEF

Plaintiffs Hyperbaric Medical and 22 Battery prays for:

1. A determination that Debtor MW Logic's debts to Plaintiffs Hyperbaric Medical and 22 Battery are non-dischargeable as a result of false representation or actual fraud under, 11 U.S.C. § 523(a)(2);

2. A determination that Debtor MW Logic's debts to Plaintiff Hyperbaric Medical and 22 Battery are non-dischargeable as a result of fraud or defalcation while acting as a fiduciary under, 11 U.S.C. § 523(a)(4);

3. A determination that Debtor MW Logic's debts to Plaintiff Hyperbaric Medical and 22 Battery are non-dischargeable as a result of willful and malicious injury to person or property under, 11 U.S.C. § 523(a)(6);

4. For actual damages caused by MW Logic for its false representation, actual fraud, defalcation or fraud acting as a fiduciary, willful and malicious injury to real property, breach of fiduciary duty, breach of contract, and indemnity;

5. For punitive damages;

6. For an award of reasonable attorneys' fees as provided by the Agreement and as provided under California contractor's law;

7. For all costs of suit; and

8. For such other and further relief as this Court may deem just and proper.

Dated: April 30, 2018　　　　　　　　　　　WOOD ROBBINS, LLP

By: _____
B. Douglas Robbins
Attorneys for Plaintiffs HYPERBARIC
MEDICAL SERVICES LLC and
22 BATTERY STREET INC